IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-41546
Summary Calendar

CARLETON W ROGERS

Plaintiff-Appellant

v.

POLICE CHIEF WOOLDRIDGE; DISTRICT ATTORNEY BOB BELL; TOWN
OF EDNA TEXAS; CPS WORKER VICKI KAELIN; PATTI MAY HAYS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:05-CV-126

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Carleton W. Rogers, Texas prisoner # 1348848, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Rogers's IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Rogers is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rogers contends that he was falsely arrested, that his guilty plea was involuntary, that appointed counsel was unlicensed and ineffective, that his deferred adjudication was improperly revoked, and that the defendants conspired to violate his civil rights. Because his claims implicate the validity of his criminal conviction and the conviction has not been reversed on direct appeal, expunged, or invalidated in a habeas corpus proceeding, the district court did not abuse its discretion by dismissing Rogers's 42 U.S.C. § 1983 complaint as frivolous. See 28 U.S.C. § 1915(e)(2)(B); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Rogers also contends that United States District Judge John D. Rainey was biased against him and should have disqualified himself from the case. Aside from conclusional allegations, Rogers has not demonstrated that Judge Rainey had a personal, extrajudicial bias against him. Further, Rogers's conclusional allegation of bias stemming from Judge Rainey's adverse ruling is not sufficient to support a finding of bias. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Rogers has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Rogers's request for IFP status is denied, and his appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Rogers's motion for the appointment of counsel on appeal is also denied.

Rogers is cautioned that the dismissal of his § 1983 complaint by the district court pursuant to § 1915(e)(2)(B) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Rogers is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.