# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

No. 09-40366
Summary Calendar

Charles R. Fulbruge III
Clerk

CARLETON W ROGERS,

Plaintiff - Appellant

v.

MAJOR CARRILLO; Carillo, Major; TRINCI, Warden; WALTER, Lieutenant,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-511

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carleton W. Rogers, Texas prisoner # 1348848 proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 claims, in which he alleged that Judge Sim Lake violated his civil rights by deciding not to review his original civil rights claims and in transferring his case to the Galveston district court. At the district court, Rogers also alleged that several other parties, including the Texas Department of Criminal Justice, a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warden, a lieutenant, and Major Castillo violated his rights. The district court dismissed all of Rogers's claims as frivolous.

On appeal, Rogers only addresses the district court's dismissal of his claims against Judge Lake, and he does not address his claims against the other parties. Because Rogers does not brief the district court's dismissal of his claims against these parties, he has abandoned any appellate argument on these claims. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1993).

In his brief, Rogers does not challenge the district court's conclusion that the claim against Judge Lake is barred by absolute immunity because Judge Lake's actions were within his role as a federal judge and his jurisdictional powers. Instead, Rogers merely repeats his earlier allegations that the judge violated his rights, and he only cites authority that generally addresses judicial immunity without any application of this law to the facts of his case. As such, Rogers has failed to brief any argument challenging the district court's reasons for dismissal and has abandoned his only grounds for appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Rogers's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (per curiam). Because the appeal is frivolous it is DISMISSED. *See* 5TH CIR. R. 42.2. The district court's dismissal of Rogers's complaint and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Rogers has previously accumulated two strikes in *Rogers v. Police Chief Wooldridge*, No. 06-41546, slip op. at 2 (5th Cir. Nov. 21, 2007). Because Rogers has now accumulated more than three strikes, he is barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.